FILED
U.S. DISTRICT COURT
DISTRICT OF ~~~~

2016 AUG -5  PM 8: 13

CLERK'S OFFICE
AT BALTIMORE

BY_____ _____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LARRY CAILLOUET,<br>*Plaintiff,*<br><br>v.<br><br>ANNAPOLIS YACHT COMPANY LLC, ET AL.,<br><br>*Defendants.* | Civil Action No.: ELH-16-1698 |

**MEMORANDUM**

In this Memorandum, I consider plaintiff's motion to remand this case to the Circuit Court for Anne Arundel County. The case was removed from State court by two defendants, prior to service of process, based on diversity jurisdiction. However, one of the defendants that removed the case is a citizen of Maryland, *i.e.*, a forum defendant, and a defendant. And, another defendant that consented to removal is also a forum defendant.

On June 21, 2016, plaintiff filed a "Motion to Dismiss for Lack of Jurisdiction" (ECF 13), supported by a memorandum of law (ECF 13-1, the "Motion to Remand"), and several exhibits. ECF 13-2 through ECF 13-5. Plaintiff argues that removal was improper because a forum defendant cannot rely on diversity jurisdiction as a ground for removal under 28 U.S.C. § 1441(b)(2). ECF 13 at 1. As relief, plaintiff asks this Court to remand the case to the Circuit Court for Anne Arundel County. *Id.* Two of the defendants, Harold Del Rosario and Annapolis Yacht Company, LLC (the "AYC Defendants"), oppose the Motion to Remand (ECF 15) and

incorporate by reference their memorandum in support of their notice of removal. ECF 11. Plaintiff has not replied and the time to do so has expired. *See* Local Rule 105.2.

No hearing is necessary to resolve the Motion to Remand. *See* Local Rule 105.6. For the reasons that follow, I shall GRANT the Motion.

## I. Factual and Procedural Background

On April 15, 2016, Larry Caillouet, plaintiff, filed suit in the Circuit Court for Anne Arundel County against the following defendants: Annapolis Yacht Company, LLC ("AYC"); Harold Del Rosario;[1] Robert Durham Turner; and Kelsey & Turner Surveyors ("Kelsey & Turner"). ECF 2. Plaintiff alleges that he purchased the S/V Thor, using AYC as a broker. *Id.* ¶¶ 7, 11, 14. Del Rosario is an employee of AYC. *Id.* ¶ 2. Plaintiff retained Turner, a partner in Kelsey & Turner, to conduct a pre-purchase inspection of the vessel. *Id.* ¶ 5, 20. Plaintiff maintains, *inter alia*, that Del Rosario and AYC misrepresented the condition of the vessel (*id.* ¶ 24) and that Turner and Kelsey & Turner failed to detect defects in the boat. *Id.* ¶¶ 20, 21.

In particular, plaintiff brings claims for breach of contract as to Turner and Kelsey & Turner (Count I); breach of contractual fiduciary duty as to Del Rosario and AYC (Count II); breach of fiduciary duty/unjust enrichment as to Del Rosario and AYC (Count III); negligent misrepresentation as to all defendants (Count IV); violation of the Maryland Consumer Protection Act as to Del Rosario, AYC, and Turner (Count V); and fraud as to Del Rosario, AYC, and Turner (Count VI). *Id.* ¶¶ 29-71.

---

[1] Del Rosario is spelled "del Rosario" and "Del Rosario" in the Complaint. ECF 2 ¶¶ 2, 8. Del Rosario's submissions use the spelling "Del Rosario." *See, e.g.,* ECF 9 at 1.

On May 27, 2016, the AYC Defendants filed a "Motion to Compel Arbitration and Stay all Proceedings" (the "Motion to Compel Arbitration"). ECF 4; ECF 13-3 at 1.[2] Less than two hours later, AYC and Del Rosario filed a notice of removal, pursuant to 28 U.S.C. §§ 1441 and 1332(a). ECF 1; ECF 13-4 at 1. Counsel for Turner and Kelsey & Turner consented to the removal. *Id.* ¶ 13.

The notice of removal states, in pertinent part, ECF 1 ¶ 10: "This Notice of Removal is timely as it is filed within 30 days after Defendants were served with notice of the action." It also says, *id.* ¶ 11: "Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants are attached to this Notice of Removal . . . ."[3] Further, the notice of removal asserts that plaintiff is a "resident" of Kentucky; AYC is a Maryland limited liability company, whose sole member is a Maryland "resident"; Del Rosario is a "resident" of Florida; Kelsey & Turner's principal place of business is in Annapolis; and Turner is a "resident" of South Carolina. ECF 1 ¶¶ 2-6. Therefore, defendants claim: "There is full diversity of citizenship in this lawsuit." *Id.* ¶ 7.

By Order of June 1, 2016 (ECF 7), I directed the AYC Defendants to clarify allegations as to the citizenship of the parties for purposes of establishing diversity jurisdiction. *Id.* at 3. Then, on June 10, 2016, the AYC Defendants responded to the Court's "Standing Order Concerning Removal" (ECF 6) with a "Statement Concerning Removal." ECF 9. In relevant part, the AYC Defendants stated that they were "provided notice with a copy of the summons[es]

---

[2] Plaintiff opposes the Motion to Compel Arbitration (ECF 10) and the AYC Defendants have replied. ECF 14. The Motion to Compel Arbitration (ECF 4) is not addressed in this Memorandum.

[3] As discussed, *infra*, the AYC Defendants' representations regarding service in the notice of removal (ECF 1) appear to be inconsistent with representations in the AYC Defendants' subsequent submissions. *See, e.g.,* ECF 11-1 at 2 ¶ 6.

for the AYC Defendants (ECF 11-1 at 6), plaintiff's counsel indicated that he remembered mailing two summonses and the Complaint to defense counsel on approximately May 19, 2016. However, according to an affidavit from counsel for the AYC Defendants, the AYC Defendants never received the Complaint or summonses by mail. ECF 11-1 at 2 ¶ 6.

The AYC Defendants also asserted in their memorandum that on June 13, 2016, plaintiff served Turner and Kelsey & Turner. *See* ECF 11 at 5; ECF 11-1 at 2 ¶ 7. In this regard, the AYC Defendants rely on an email from plaintiff's counsel to all defense counsel, dated June 13, 2016. ECF 11-1 at 8. It provides, in relevant part, *id.*: "I am attaching again the complaint and summons for Turner and Kelsey and Turner. Since you have both now agreed (thank you) to accept service, let's consider today (June 13, 2016) as the date of service."

As noted, the memorandum reflects that the AYC Defendants were notified of the suit by plaintiff about a month before removal, but they were not served. And, it appears that Turner and Kelsey & Turner agreed to a date of service of June 13, 2016, *i.e.*, after removal.

But at least some of the parties agreed to a date of service effective after removal.

## II. Discussion

### A.

Section 1332(a) of Title 28 of the United States Code grants federal district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between "citizens of different States." *Id.* § 1332 (a)(1). The Complaint alleges that the amount in controversy exceeds $75,000. ECF 2 at 10. Plaintiff does not contest the AYC Defendants' allegations as to citizenship of the parties. *See* ECF 13-1 at 1.

Notably, there is no dispute that AYC and Kelsey & Turner are Maryland citizens for purposes of diversity jurisdiction. *See Americold Realty Trust v. Conagra Foods, Inc.*, ___ U.S. ___, 136 S. Ct. 1012, 1014 (2016) ("While humans and corporations can assert their own citizenship, other entities take the citizenship of their members."). Rather, plaintiff claims the AYC Defendants' removal violates the so-called "forum defendant rule" under 28 U.S.C. § 1441(b)(2). *See* ECF 13-1 at 1-2. Section 1441(b)(2) provides: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

"Removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court." *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006) (citation omitted), *cert. denied*, 549 U.S. 1207 (2007). But, "[t]he need for such protection is absent . . . in cases where the defendant is a citizen of the state in which the case is brought." *Id.*

According to plaintiff, given that AYC is a citizen of Maryland, remand is warranted. ECF 13-1 at 1. In particular, plaintiff avers, *id.* at 2:

> The language in that statute pertaining [to] "properly joined and served" refers to the situation in which a defendant is added to a complaint without the intent of pursuing the case against the person, but instead simply to defeat diversity jurisdiction. That is not the case here -- Defendant AYC is a central defendant against whom the case will be pursued.

Plaintiff also argues that AYC submitted to the jurisdiction of the Circuit Court for Anne Arundel County by filing its Motion to Compel Arbitration. *Id.* Accordingly, plaintiff

As clarified by their "Statement Concerning Removal" (ECF 9), it appears that the AYC Defendants maintain that, although their attorney agreed to accept service and received a copy of the summonses and Complaint by email, they were nevertheless not "formally served." *Id.* ¶ 3; *see id.* ¶¶ 1-2. Curiously, however, the AYC Defendants suggest that service as to Turner and Kelsey & Turner, using precisely the same method of email delivery, may have constituted valid service of process. *See* ECF 11 at 5 ("In an email from Plaintiff's counsel to all Defendants' counsel, Plaintiff's counsel confirms that the date of service upon Defendant Turner and Defendant Kelsey & Turner Surveyors was June 13, 2016. . . . *Therefore, no forum defendants were served* prior to the Notice of Removal . . . .") (emphasis added).

In any event, Plaintiff does not dispute the AYC Defendants' representations that they were never served. *See* ECF 13-1. Accordingly, for purposes of the Motion to Remand, I shall assume that the AYC Defendants were not served prior to removal.

### C.

The parties have not identified any specific guidance from the Supreme Court or the Fourth Circuit as to whether preservice removal defeats the forum defendant rule, nor am I aware of such guidance.[4] *See Phillips Constr., LLC v. Daniels Law Firm, PLLC*, 93 F. Supp. 3d 544,

---

[4] In this regard, I note that 14B Wright & Miller, Federal Practice and Procedure (2009 & 2016 Supp.) § 3723 at 784-87, provides no specific guidance on this point. It states, in relevant part, *id.*:

> Prior to 1948, when removal depended on the residence of the parties rather than their citizenship, the presence of a local defendant, whether served or not, defeated removal.[] Some cases initially adhered to this doctrine after the promulgation of the 1948 Judicial Code.[] But the language in Section 1441(b), providing that diversity cases "shall be removable only if none of the parties properly joined and served as defendants is a citizen of the state in which such action is brought" implies that a diverse but resident defendant who has not been served may be ignored in determining removability.[] This should be contrasted

549 (S.D.W. Va. 2015) ("The Fourth Circuit has not addressed the question of whether removal before service defeats the removal bar provided in the forum-defendant rule . . . . In addition, few of the other courts of appeals have addressed this question, and those that have reached different conclusions."); *Bloom v. Library Corp.*, 112 F. Supp. 3d 498, 503–04 (N.D.W. Va. 2015) ("Whether or not the statute's 'properly joined and served' language precludes removal when a forum defendant has not been served at the time of removal is a hotly contested issue; across the country, district courts are 'sharply divided' on the topic. *Phillips Constr., LLC*[], 93 F.Supp.3d [at] 554 n. 2[]. Neither the Supreme Court nor the Fourth Circuit has addressed the issue."). Notably, "'[t]here is a broad and growing divide among the district courts as to whether the forum-defendant rule bars pre-service removal based on diversity jurisdiction.'" *Reimold v. Gokaslan*, 110 F. Supp. 3d 641, 643 (D. Md. 2015) (quoting *Phillips Constr., LLC*, 93 F. Supp. 3d at 550).

---

with the rule, stated earlier,[] that the presence of a non-diverse, unserved defendant will destroy removability unless that party is dismissed from the action. This difference in practice can be justified in terms of the non-diverse party's presence being viewed as a more fundamental defect in removal based on diversity of citizenship jurisdiction than is the presence of a local defendant, in violation of Section 1441(b). The first is a jurisdictional defect, and the latter generally is viewed as a non-jurisdictional, merely procedural, defect. [] Under these doctrines, if the diverse resident defendant is served with process after the case has been removed, neither he nor any other party would have a valid objection to the removal based on his residence or based on his failure to join the removal, although the diverse resident defendant might have a valid objection to the removal on other grounds, such as untimeliness of the removal or lack of federal subject-matter jurisdiction. However, at least one district court has refused to uphold removal where one of the defendants strategically filed its notice of removal before being served with formal process, in order to evade the forum defendant rule, noting that to permit removal in such circumstances would frustrate legislative and judicial efforts to determine diversity jurisdiction based on the genuine interests of the parties to the controversy.[]

Cases in this District are divided over whether the "forum defendant rule" bars preservice removal by forum defendants. Some judges interpret § 1441(b)(1) to permit preservice removal of cases with forum defendants. *See, e.g., Al-Ameri v. The Johns Hopkins Hospital*, GLR-15-1163 (D. Md. June 24, 2015) (ECF 23) ("The Court will . . . apply the plain meaning of the statute in this matter."); *Robertson v. Iuliano*, RDB-10-1319, 2011 WL 453618, at *2 (D. Md. Feb. 4, 2011) ("The majority of courts that have interpreted section 1441(b) apply the plain language of the statute to allow removal when none of the forum defendants have been served. . . . In this case, applying the plain meaning rule does not lead to absurdity or an outcome at odds with congressional intent.") (citations omitted); *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 736 (D. Md. 2006) ("federal courts have . . . followed the rule that unserved defendants may be ignored in determining whether there is unanimous consent to removal, and allowed removal where one or more nonresident defendants wish to remove and any resident defendants have not been served") (Titus, J.).

Other cases take the contrary position. *See, e.g., Reimold*, 110 F. Supp. 3d 641 (remanding a case removed by forum defendants before service); *Oxendine v. Merck & Co.*, 236 F. Supp. 2d 517, 526 (D. Md. 2002) ("removability can not rationally turn on the timing or sequence of service of process") (Davis, J.).

I agree with the ruling of Judge Blake in *Reimold*, 110 F. Supp. 3d 641. There, Judge Blake remanded a medical malpractice case to State court, which had been removed by three defendants—all Maryland citizens—before service of process. *Id.* at 642-43. In particular, Judge Blake explained: "[T]he purpose of the 'properly joined and served' language in 28 U.S.C. § 1441(b)(2) 'is to prevent a plaintiff from blocking removal by joining as a

defendant a resident party against whom [the plaintiff] does not intend to proceed, and whom [the plaintiff] does not even serve.'" *Id.* at 643 (quoting *Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014) (alterations in original)). Judge Blake concluded, *Reimold*, 110 F. Supp. 3d at 643:

> Where, as here, every defendant is a citizen of the forum state, there is no such danger of opportunistic joinder. In such circumstances, application of the "properly joined and served" exception to the forum-defendant rule would serve neither the general purpose of diversity jurisdiction nor the specific purpose of that exception. The court will not condone such an absurdity here.

Judge Blake also observed that her conclusion is "consistent with *Oxendine*[, 236 F. Supp. 2d at 526]." *Reimold*, 110 F. Supp. 3d at 643. Moreover, Judge Blake noted that although her conclusion is "in tension with two subsequent decisions of this court, it conflicts directly with neither." *Id.* at 643. She said, *id.*:

> Both *Clawson*[], 451 F.Supp.2d [at] 735 . . . , and . . . *Robertson*[, ] 2011 WL 453618, at *3[], observed that a plaintiff's failure to serve a forum defendant permits removal. Both cases, however, were removed by co-defendants who had already been served and, more importantly, were not citizens of the forum state. *Clawson*, 451 F.Supp.2d at 732–33; *Robertson*, 2011 WL 453618, at *1.

To be sure, in *Reimold*, 110 F. Supp. 3d 641, all three defendants who removed the case were Maryland citizens. *Id.* at 642. Here, by contrast, AYC is a Maryland citizen (ECF 11 at 2), whereas Del Rosario is a Florida citizen. *Id.* In my view, however, this is a distinction without a difference. As the Court explained in *Reimold*, 110 F. Supp. 3d 641: "[T]he purpose of the 'properly joined and served' language in 28 U.S.C. § 1441(b)(2) 'is to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom [the plaintiff] does not intend to proceed, and whom [the plaintiff] does not even serve.'" *Id.* at 643. There is no indication that plaintiff has added a resident defendant for the sole purpose of frustrating

- 11 -

removal. In this regard, I note that plaintiff apparently attempted to serve AYC, a Maryland citizen, and Del Rosario, before attempting to serve Turner and Kesley & Turner. *See* ECF 11-1 at 4, 8. Moreover, it is the AYC Defendants who filed the notice of removal (ECF 1) and are actively litigating the case. Accordingly, although not all defendants are Maryland citizens, there is no indication that plaintiff has opportunistically sought to join defendants merely to prevent removal.

In addition, the effort of the AYC Defendants to remove the case before service is a classic example of "gamesmanship." *See Goodwin*, 757 F.3d 1216. In *Goodwin*, the Eleventh Circuit considered a case that was substantially similar to this one. There, plaintiff, the widow of a decedent in a vehicle accident, sued the vehicle's driver and two other defendants in state court. *Id.* at 1218. The vehicle's driver was a forum defendant, but the other two defendants were not. *Id.* Before any of the parties had been served, the two non-forum defendants removed the case and one of the non-forum defendants filed an answer, which prevented the plaintiff from dismissing the case without prejudice and without a court order pursuant to Fed. R. Civ. P. 41(a). *Id.* at 1218-19. Plaintiff moved to remand the case or, in the alternative, to dismiss the case without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2). *Id.* at 1219. Were the case dismissed, plaintiff intended to refile in state court and foreclose removal by suing the forum defendant and then joining the other two defendants. *Id.* at 1219 n.6. The district court denied the motion to remand on the ground that the case was removable because, at the time of removal, the forum defendant had not yet been served. *Id.* at 1219, 1221. Instead, the district court dismissed the case, without prejudice. *Id.*

On appeal, the defendants argued that the district court had abused its discretion. *Id.* In particular, they maintained that "dismissal was improper because it defeated their 'substantial' right of removal." *Id.* at 1219.

As the issue of the initial removal was not on appeal, the Eleventh Circuit assumed, for the sake of argument, that the case was removable because the forum defendant had not yet been served. *Id.* at 1221. Nevertheless, the Eleven Circuit observed that "there is much debate regarding the proper application" of the phrase "properly joined and served" in § 1441(b). *Id.* at 1221 n.13. It concluded, *id.* at 1221: "Defendants' right of removal, if any, was not at the core of what the removal statute protects." *Id.* at 1221. The Court explained, *id.*:

> The forum-defendant rule clearly contemplates Plaintiff's ability to defeat Defendants' purported right of removal in this case. It is undisputed that if [the forum defendant] had been served before [the non-forum defendants] removed this case, the forum-defendant rule would have barred removal. The only reason this case is in federal court is that the non-forum defendants accomplished a pre-service removal by exploiting, first, Plaintiff's courtesy in sending them copies of the complaint and, second, the state court's delay in processing Plaintiff's diligent request for service. Defendants would have us tie the district court's hands in the face of such gamesmanship on the part of Defendants.[] Moreover, their argument, if accepted, would turn the statute's "properly joined and served" language on its head.

The Eleventh Circuit also noted, *id.* at 1221 n.14: "Another indication of gamesmanship is [a non-forum defendant's] filing of an answer on the same day that it filed the notice of removal, before it was even served, in an apparent effort to extinguish Plaintiff's right to dismiss the case without prejudice and without the need for a court order. *See* Fed.R.Civ.P. 41(a)(1)(A)(i)."

In the Eleventh Circuit's view, the phrase "properly joined and served" was added to the removal statute to discourage, not encourage, "gamesmanship." *Id.* at 1221. It said, *id.* (alterations in original):

> Congress added the "properly joined and served" language to the statute in 1948. *Sullivan v. Novartis Pharm. Corp.*, 575 F.Supp.2d 640, 644 (D.N.J.2008). The published legislative history apparently contains no explanation for this addition. *Id.*(describing a "thorough examination" thereof). Multiple courts, however, have interpreted it as an effort to prevent gamesmanship by plaintiffs. *See id.* at 643 (collecting cases). In the view of these courts, the purpose of the language is "to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom [the plaintiff] does not intend to proceed, and whom [the plaintiff] does not even serve." *Id.* at 645. We find this interpretation persuasive.[] Because the likely purpose of this language is to prevent gamesmanship by plaintiffs, moreover, we cannot believe that it constrains the district court's discretion under Rule 41(a)(2) to undo *Defendants'* gamesmanship in the circumstances at bar.

Like the defendants in *Goodwin*, 757 F.3d 1216, the AYC Defendants here exploited their receipt of a courtesy copy of the Complaint before plaintiff served them. *See* ECF 11-1 at 4. On April 28, 2016, counsel for the AYC Defendants received a courtesy copy of the Complaint and summonses from plaintiff's counsel, via email. ECF 11-1 at 1. In response to the initial email of April 28, 2016, counsel for the AYC Defendants said: "I will accept service for AYC and Del Rosario. Please send the original writs and complaint to me for both defendants. I will confirm the date of receipt." *Id.* at 3.[5] Some three weeks later, on approximately May 19, 2016, and after a second email exchange between plaintiff's counsel and counsel for the AYC Defendants (*id.*), plaintiff's counsel mailed the summonses and Complaint to defense counsel. *Id.* at 6. This mailing was apparently never received. *Id.* at 2 ¶ 6. Then, on May 27, 2016, twenty-nine days after plaintiff's counsel initially emailed a copy of the Complaint and

---

[5] This response could have contributed to an erroneous belief by plaintiff's counsel that the AYC Defendants had waived service of process or that formal service was unnecessary.

summonses to counsel for the AYC Defendants (*id.* at 4), the AYC Defendants removed the case. ECF 4.

I agree with the Eleventh Circuit that this type of conduct constitutes gamesmanship and docket trolling that the "properly joined and served" language in § 1441(b)(2) was designed to prevent. I recognize that gamesmanship is, to some extent, inherent in litigation. But, the Court need not countenance an end run around the predicates for removal based on diversity jurisdiction.

In light of the foregoing, I conclude that the forum defendant rule under 28 U.S.C. § 1441(b)(2) applies to this case. As AYC is a Maryland citizen, the case must be remanded to the Circuit Court for Anne Arundel County.[6]

### III. Conclusion

In sum, for the reasons stated, the case must be remanded pursuant to 28 U.S.C. § 1441(b)(2). Accordingly, the Motion to Remand (ECF 13) is granted.

A separate Order follows, consistent with this Memorandum.


Date: August 5, 2016         /s/
                             Ellen Lipton Hollander
                             United States District Judge

---

[6] Based on my disposition of the Motion to Remand (ECF 13), I need not consider plaintiff's alternative contention that, by filing the Motion to Compel Arbitration (ECF 4), the AYC Defendants "accepted the jurisdiction of the state forum" and are thus foreclosed from arguing that they had not been served. ECF 13-1 at 2.